**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DON CHRESTMAN d/b/a** | : | |
| **RENOVATIONS,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NHB, LLC, et al.,** | : | **NO.  07-492** |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

GENE E.K. PRATTER, J.                                                        MAY 31, 2007

Plaintiff Don Chrestman d/b/a Renovations has sued NHB, LLC, Chet Patel, Gary
Hesselbacher, and John Does (1-5), for breach of a renovation contract and tortious interference
with a subcontract.  Presently before the Court is Defendants' Motion to Dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(1).  Defendants assert that the amount in controversy in
this case is below the required jurisdictional minimum of $75,000, and thus that the Court does
not have subject matter jurisdiction to preside over the merits of this matter.[1]

The Defendants have provided extensive briefing to the Court in support of their
attempted factual challenge to the existence of subject matter jurisdiction.  They have not
challenged the existence or validity of the contract among the parties, but instead they venture
the lone argument that the recoverable damages for breach are less than the threshold amount in
controversy.  They argue that the damages for breach are measured either by Mr. Chrestman's
profit margin on any unpaid sums due under the contract, or the total amount of Mr. Chrestman's
out-of pocket expenses, neither of which amounts are greater than $75,000.  Defendants'

---

[1]Defendants do not challenge the complete diversity of the parties.

contention incited Mr. Chrestman to submit an affidavit to the Court in which he itemized in

great detail the work he completed, the work he was unable to complete due to Defendants'

alleged breach, and consequential expenditures related to the contract.

Notwithstanding the efforts of the parties, the Court will decline to accept Defendants'

invitation to "weigh the evidence and satisfy itself as to the existence of its power to hear the

case," Mortensen v. First Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977); Simpkins

v. Strzalko, 2005 WL 1168372, at *2 (E.D. Pa. May 16, 2005), because a factual challenge is not

warranted under the present circumstances.

It is well-settled that "[w]hen deciding a motion to dismiss pursuant to Fed. R. Civ. P

12(b)(1) on an allegation that the amount in controversy does not meet the jurisdictional

minimum, 'the sum claimed by the plaintiff controls if the claim is apparently made in good

faith.'" Krauss v. Steelmaster Bldgs., LLC, 2006 WL 3097767, at *1 (E.D. Pa. Oct. 27, 2006)

(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 82 L.

Ed. 845 (1938)).  The Supreme Court in Red Cab established the "legal certainty" test to

determine whether dismissal is the appropriate course due to an insufficient amount in

controversy.  See, e.g., Spectator Mgmt. Group v. Brown, 131 F.3d 120, 122 (3rd Cir.1997);

Valhal Corp. v. Sullivan Assocs., Inc., 48 F.3d 760, 761 (3d Cir. 1995); Krauss 2006 WL

3097767, at *1.  Our court of appeals recited this test in Valhal, 48 F.3d at 761, as follows:  "if,

from the face of the pleadings . . . or if, from the proofs, the court is satisfied to a [legal]

certainty that the plaintiff never was entitled to recover [an amount greater than $75,000], and

that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be

dismissed."

In Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004), our court of appeals referenced Red Cab in reversing the district court's *sua sponte* dismissal of an action for want of jurisdictional value, and held that "[i]f appropriately made . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." The Golden plaintiffs had challenged the distribution of assets from an estate. They asserted causes of action, *inter alia*, for breach of fiduciary duty, fraud, slander and tortious interference with inheritance. Id. at 352. Although the court determined that compensatory damages – measured by the maximum amount of the trust distribution potentially recoverable by plaintiffs – fell below the jurisdictional minimum, the plaintiffs' properly pled, and legally cognizable, claim for punitive damages as a result of tortious interference was sufficient to satisfy the amount in controversy requirement. Id. at 357.

Thus, according to Golden, "[i]f punitive damages are available under Pennsylvania state law for the causes of action asserted by the [Plaintiff], and if the claims for punitive damages are not otherwise 'patently frivolous and without foundation,' then the pleadings satisfy the necessary amount in controversy." Id. at 356 (quoting Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993)).

Pennsylvania permits the recovery of punitive damages for tortious interference with contract so long as the interference was committed willfully, maliciously, recklessly or carelessly. Id. at 356-57 (citing Judge Tech. Servs., Inc. v. Clancy, 813 A.2d 879, 888-90 (Pa. 2002)) ("The Pennsylvania Supreme Court has discussed with approval Comment b of [the Restatement (Second) Torts § 908(2) (1979)], which states that '[r]eckless indifference to the

rights of others and conscious action in deliberate disregard of them . . . may provide the necessary state of mind to justify punitive damages.'")  On its face, the Complaint contains allegations of conduct on the part of the Defendants, namely, holding secret negotiations with Mr. Chrestman's subcontractors to take over his obligations and rights under the primary contract while Mr. Chrestman attended to a family emergency, which appears intentional, or at the very least recklessly indifferent.

Therefore, while the Court need not consider the factual challenge to the amount of recoverable damages under the contract, and will reserve comment regarding the parties' assessment of the recoverable contractual damages for another day, it appears today that it is not a legal certainty that Plaintiff cannot recover the jurisdictional minimum amount in controversy because he has claimed punitive damages for a legally cognizable and sufficiently plead tort. Although the Court certainly does not presume the Plaintiff's allegations to be proven, Mr. Chrestman has carried his burden to prove the existence of diversity jurisdiction.

For the reasons stated herein, the Court will deny Defendants' Motion to Dismiss.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DON CHRESTMAN d/b/a** | : | |
| **RENOVATIONS,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NHB, LLC, et al.,** | : | **NO.  07-492** |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

    **AND NOW**, this 31st day of May 2007, upon consideration of Defendants' Motion to

Dismiss (Docket No. 2), Plaintiff's Response thereto (Docket No.3), and Defendants' Reply

(Docket No. 4), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.


                          BY THE COURT:


                          <u>S/Gene E.K. Pratter</u>
                          GENE E.K. PRATTER
                          UNITED STATES DISTRICT JUDGE